# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                           )
KENNETH L. SMITH,         )
                           )
          Plaintiff,    )
                           )
         v.             )     Civil Action No. 13-CV-1610 (KBJ)
                           )
HONS. DEANELLE REECE TACHA,  )
_et al._,                   )
                           )
         Defendants.  )
                           )
_____ )

## MEMORANDUM OPINION

On October 4, 2013, Plaintiff filed the instant complaint (ECF No. 1) and a Notice of Related Case (ECF No. 2) that indicates that this matter involves the same issues of fact, and grows out of the same event or transaction, as _Smith v. Scalia_, 13-cv-298. The instant complaint states that "[t]his case is quite literally identical to that of _Smith v. Scalia_" and notes that this second complaint "is filed prophylactically in order to preserve causes of action in tort against five of the Defendants named above." (Compl. at 5.)[1] Plaintiff characterizes the instant complaint as a "duplicative filing" (_see id._); and indeed, the instant complaint is identical in substance to the amended complaint in _Smith v. Scalia_: it recites the same allegations, seeks the same relief, and names the same defendants. (_Compare_ Compl., _with Smith v. Scalia_, No. 12-cv-298, Amended Compl., ECF No. 8 (Aug. 8, 2013).)[2]

---

[1] Page numbers refer to the page numbers generated by the Court's ECF filing system.
[2] The only differences between the two pleadings are: (1) the instant complaint includes "prefatory remarks" explaining its duplicative nature; (2) the instant complaint omits the page containing paragraphs 635 through 641 of the _Smith v. Scalia_ Amended Complaint (_see Smith v. Scalia_, No. 12-cv-298, Amended Compl., ECF No. 8 (Aug. 8, 2013)); and (3) the instant complaint removes now deceased jurist Hon. Robert H. McWilliams, Jr., as a defendant (_see_ Compl.).

Where a plaintiff brings duplicative claims against the same defendants, rather than allowing both cases to proceed or consolidating the two cases, "[t]he better course . . . is to dismiss the claims" in the new case as duplicative of the already-pending claims. *See McMillian v. District of Columbia*, No. 05-2127, 2006 WL 6927884, at *1 (D.D.C. Sept. 25, 2006); *see also Phelps v. Stomber*, 883 F. Supp. 2d 188, 232-33 (D.D.C. 2012) ("[P]laintiffs may not file duplicative complaints in order to expand their legal rights." (emphasis in original) (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 140 (2d Cir. 2000))). "Plaintiffs generally 'have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Sturdza v. United Arab Emirates*, No. 09-0699, 2009 WL 1033269, at *1 (D.D.C. Apr. 16, 2009) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)). This bar against duplicative pleadings applies to all plaintiffs, whether they are represented by counsel or proceeding *pro se*. *See, e.g.*, *Phelps*, 883 F. Supp. 2d at 233 (dismissing as duplicative claims of plaintiff represented by counsel); *Sturdza*, 2009 WL 1033269, at *1 (dismissing *pro se* plaintiff's claims as duplicative of, and redundant to, pending actions).

Plaintiff concedes that the instant claims are entirely duplicative to those in the earlier "related" case. Therefore, as set forth in the order accompanying this opinion, the instant case is **DISMISSED** as entirely duplicative of the claims already pending against these same defendants. *See Sturdza*, 2009 WL 1033269, at *1 ("In consideration of 'wise judicial administration,' a district court may use its inherent powers to dismiss a suit that is duplicative of another suit in federal court." (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976))).

Date:  October 23, 2013

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

2